*E-Filed 2/15/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVE SONE, | **Case No. C 09-05804 RS** |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| AIMEE ARMSBY, KATHERINE TANG, MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendants. | |

I. INTRODUCTION

This case arises out of an action in replevin filed in the San Mateo County Superior Court against two employees of the San Mateo County Public Guardian's Office ("PGO"), which was served on the Social Security Administration (SSA). The *pro se* plaintiff, Steve Sone, seeks to recover assets from the time that he was in a conservatorship, which coincided with the termination of his Supplemental Security Income (SSI) benefits. The SSA duly removed the matter to federal court and filed the instant motion to dismiss, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Because this Court lacks subject matter jurisdiction over any claim against the SSA, the SSA's motion to dismiss is granted, and the case is dismissed without prejudice. Accordingly, the order does not address whether Sone states a claim for relief on the merits.

II. RELEVANT FACTS AND PROCEDURAL HISTORY

1. Statement of Facts

Sone started receiving SSI benefits due to disability in May of 1981. Sometime in 2004, he was placed in a conservatorship with the PGO,[1] and continued to receive SSI payments while under guardianship. On October 1, 2004, the SSA sent a letter to Sone stating that he was ineligible for benefits effective July 2004, and that his SSI payments would end on November 1, 2004. Subsequently, a Notice of Overpayment, dated October 25, 2004 and addressed to "Aging Adult Svcs,"[2] explained that the SSA had overpaid plaintiff's SSI benefits by $3160. Both letters set forth the procedures for appealing the SSA's decisions. There is no indication that plaintiff challenged either decision. On December 7, 2005, Sone filed a claim for SSI benefits, which was denied, both initially and upon reconsideration. He requested a hearing on that determination, but that request was denied by Administrative Law Judge Gaye in an order issued on September 29, 2008. The order advised the plaintiff that he could file a request for review with the Appeals Council, but he apparently did not do so. The plaintiff again applied for SSI benefits on April 13, 2009, which were

---

[1] Exhibits attached to the Notice of Removal indicate that this occurred on or around June 29, 2004.
[2] The PGO is part of Aging and Adult Services, which in turn is a division of the Health Department in San Mateo County.

1  denied on May 27, 2009. The notice advised plaintiff that he could file for reconsideration, which
2  he did not do.

3   2. Procedural History

4  On September 29, 2009, plaintiff filed an "Ex Parte Right to Attach Order and Order for
5  Issuance of Writ of Attachment" for a non-resident, naming "Aimee Armsby, Katherine Tang Public
6  Guardians Office" as defendants and seeking to attach $25,915.74. Plaintiff, proceeding *pro se*,
7  then filed a complaint for replevin in the San Mateo County Superior Court on October 5, 2009,
8  naming defendants Aimee Armsby and Katherine Tang of the PGO. No summons appears in the
9  record, and it is unclear whether these individuals were sued in their individual or official capacities.
10 On October 19 of that year, Sone filed a "Notice of Opposition to Right to Attach Order and Claim
11 of Exemption" with the San Mateo County Superior Court. The document names the SSA and
12 appears to have been duly served on that entity. Sone subsequently filed his First Amended
13 Complaint (the "FAC") on November 6, 2009, adding Does 1-100 as defendants. The summons
14 issued with the FAC identifies "Customer Service Representative Windows 3, 4, 5" at the SSA and
15 "Does 1-100"; the record, however, does not indicate whether the SSA was actually served with
16 either the initial complaint or the FAC.[3]

17 The SSA filed a Notice of Removal with the San Mateo County Superior Court on
18 December 10, 2009, removing the case pursuant to 28 U.S.C. §§ 1441(a), 1441(b), 1441(f), and
19 1442(a)(1). At that time, the case caption was changed to include the SSA as a defendant. The SSA
20 then filed the instant motion to dismiss, arguing that this Court lacks subject matter jurisdiction
21 because Sone failed to exhaust his administrative remedies after his benefits were reduced and then
22 terminated. The SSA argued, in the alternative, that the case should be dismissed because the FAC
23 fails to allege facts supporting a claim for relief. Plaintiff filed no opposition.

IV. LEGAL STANDARD

25 Federal Rule of Civil Procedure 12(b)(1) provides that the Court shall dismiss an action over
26 which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). It is plaintiff's burden to

---

[3] In its Notice of Removal, the SSA represented that it did not receive either filing and further that it actually obtained copies of both from the San Mateo County Superior Court's website.

No. C 09-05804 RS
ORDER GRANTING MOTION TO DISMISS

3

establish such jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). The motion may be made on the basis that the complaint fails to allege grounds for federal subject matter jurisdiction—that is, it is apparent from the "face of the complaint" that jurisdiction is lacking—or, because the court lacks jurisdiction as a matter of fact, based on evidence extrinsic of the pleadings. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003); *McMorgan & Co. v. First Cal. Mortg. Co.*, 916 F. Supp. 966, 973 (N.D. Cal. 1995).

## V. DISCUSSION

Federal district courts have original jurisdiction "over all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, Sone's claims for SSI benefits "arise under" the Social Security Act and its accompanying regulations. 42 U.S.C. §§ 401-433, 1381-1383f; 20 C.F.R. §§ 401-404.2127, 416.101-.2227. That said, judicial review of any decision by the SSA is available only after a claimant completes a four-step administrative review process, culminating in a "final" decision from the Commissioner. 42 U.S.C. § 405(g). If at any point in that process, a claimant does not pursue his or her administrative appeals, the last administrative decision or determination is rendered binding. 20 C.F.R. §§ 416.1402, 416.1407, 416.1429, 416.1466. In order to obtain a final decision, a claimant must first receive an initial determination of his or her eligibility for SSI benefits. *Id.* § 416.1402. A claimant then has sixty days to request reconsideration of an adverse determination. 42 U.S.C. § 1383(c)(1)(A). Upon an adverse decision on reconsideration, he or she may request a hearing within sixty days of receiving the notice of determination. 20 C.F.R. § 416.1429. After such a hearing, a dissatisfied claimant may ask the Appeals Council to review the decision. *Id.* § 416.1466. The decision issued at the hearing is "final," and therefore subject to judicial review, if the individual files an action within sixty days of receiving notice of the decision of the Appeals Council. 42 U.S.C. § 1383(c)(3); 20 C.F.R. §§ 416.1400(a)(5), 416.1481.

Here, the FAC is silent as to whether Sone attempted or completed any of these steps, and the uncontested exhibits attached to the SSA's motion indicate that he did *not* request

reconsideration, a hearing with an administrative law judge, or an appeal with respect to either the October 1, 2004 denial of benefits or the October 25, 2004 Notice of Overpayment. Neither the FAC nor the moving papers address whether the PGO attempted, completed, or failed to complete the administrative review process on plaintiff's behalf. Thus, to the extent that Sone is asserting a claim against the SSA,[4] he has not exhausted his administrative remedies prior to bringing suit, and the Court therefore lacks subject matter jurisdiction. The motion to dismiss must be granted, and the case is dismissed. To the extent that Sone asserts state law claims against other defendants, these too shall be dismissed, without prejudice. *See* 28 U.S.C. § 1367(c)(3) (stating that district courts may decline to exercise supplemental jurisdiction where it has dismissed the claims over which it had original jurisdiction).

## VI. CONCLUSION

For the foregoing reasons, the motion to dismiss is granted and the clerk may close this case.

IT IS SO ORDERED.

Dated: 02/15/2011

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[4] Based on the writs he filed with the San Mateo County Superior Court, Sone is seeking money from the SSA. For example, the "Notice of Opposition to Right to Attach Order and Claim of Exemption" claims an exemption of $51,588, an amount which appears to be calculated based on the amount of SSI benefits Sone would have received between 2004 and 2009 had his benefits not been terminated. Additionally, the FAC references the termination of his benefits. Sone therefore suggests that he should receive the payments remitted by the PGO to the SSA.

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

**Steve Sone**
1903 E. Bayshore Road MB56
Redwood City, CA 94063

DATED: 2/15/11

/s/ Chambers Staff
Chambers of Judge Richard Seeborg

No. C 09-05804 RS
ORDER GRANTING MOTION TO DISMISS